IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUTOMATED SYSTEMS, INC., A Nebraska Corporation; and INSITE DATA SYSTEMS, INC., A Nebraska Corporation;<br><br>Plaintiffs,<br><br>vs.<br><br>FIRST STATE BANK HAWARDEN, IOWA, Inc., An Iowa Corporation;<br><br>Defendant. | 4:12CV3059<br><br>**PROTECTIVE ORDER** |

Pursuant to agreement of counsel, the Court enters the following confidentiality order:

IT IS ORDERED THAT:

1. <u>Non-Disclosure of Certain Documents and Confidential Information</u>. First State Bank ("FSB") is producing documents relating to proceedings of its Board of Directors pursuant to Request for Production No. 5 from plaintiffs to FSB, (the "Documents"), which are confidential, proprietary information. The plaintiffs ("ASI") agree to confidentiality with respect to these documents, as provided in this Agreed Order.

FSB will produce the Documents within ten days of the date of this order, stamping each such Document as "Confidential". Such documents, and such documents only, will be subject to the terms of this Order.

Except with the prior written consent of FSB, none of the Documents may be disclosed except as provided in this Order or otherwise permitted by Court Order.

2

2. <u>Permissible Disclosures</u>. A Document may be disclosed for legitimate purposes of this case to counsel for the parties who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal assistants, and employees of such an attorney to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the Documents of the information contained therein, and their agents; and to the Court officials involved in the litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court), subject to the obligation of non-disclosure set forth above.

The Documents may also be disclosed to outside consultants or experts employed by the Plaintiff with respect to this litigation.

Any persons to whom the Documents are disclosed, shall be subject to the terms of this Order. Counsel shall be responsible to inform all persons to whom the Documents are disclosed, of the terms of this Order and their obligation to abide by it. Prior to disclosure to any person who is not a staff member under counsel's direct control, counsel shall obtain a written agreement whereby the recipient of the Document agrees to be bound by the terms of this Order.

3. <u>Filing.</u> All Documents filed with the Court shall be filed as restricted access documents in the manner specified by NECivR 7.5 and the [Procedure for Filing Sealed or Restricted Documents](http://www.ned.uscourts.gov/attorney/electronic-case-filing) found at http://www.ned.uscourts.gov/attorney/electronic-case-filing.

4. <u>Declassification.</u> Plaintiff may apply to the Court for a ruling that a Document (or category of documents) is not entitled to such status and protection. FSB shall be

given notice of the application and an opportunity to respond. The Document will retain confidential status until the Court rules otherwise.

5. Use of Documents in Depositions. A deponent may during the deposition be shown, and examined about, the Documents. However, Deponents shall not retain or copy portions of the transcript of their depositions that contain or make reference to the Documents. Documents disclosed in depositions, shall not be a public record and counsel shall be responsible for informing the court reporter to place such documents under seal and to inform the deponent that such information is confidential.

6. Use of Documents at Trial. Subject to the Federal Rules of Evidence, the Documents may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives reasonable notice to counsel for FSB. FSB may move the Court for an Order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as confidential.

7. Subpoena by Other Courts or Agencies. If another court or an administrative agency subpoenas or orders production of the Documents from Plaintiff, which Plaintiff has obtained under the terms of this Order, Plaintiff shall promptly notify FSB of the pendency of such subpoena or Order.

8. Use. Persons obtaining access to the Documents under this Order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, or administrative or judicial proceedings.

9. <u>Non-Termination.</u> The provisions of this Order shall not terminate at the conclusion of these actions. Within one hundred twenty days after final conclusion of this Litigation (whether by settlement or trial), the Documents and all copies of same in the possession of any person to whom they have been disclosed (other than exhibits of record) shall be returned to FSB or, at the option of FSB, shall be destroyed. Counsel for Plaintiff shall make certification of compliance herewith and shall deliver the certification to counsel for FSB not more than one hundred fifty days after final conclusion of this litigation.

10. <u>Modification Permitted.</u> Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery it believes to be otherwise improper.

11. <u>Responsibility of Attorneys.</u> The attorneys of Plaintiff are responsible for employing reasonable measures consistent with this Order to control duplication of, access to, and distribution of copies of the Documents. Plaintiff shall not duplicate any Document except working copies and those for filing in Court under seal.

Dated this 5th day of February, 2013.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

APPROVED AS TO FORM AND CONTENT:

*s/ Daniel E. DeKoter*
Attorney for FSB

*s/ Joel G. Lonowski*
Attorney for ASI

4